**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4471

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTE MAURICE JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, Senior District Judge.  (1:14-cr-00345-ELH-1)

Submitted:  December 30, 2022                    Decided:  February 2, 2023

Before WILKINSON, NIEMEYER, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** William B. Purpura, LAW OFFICES OF WILLIAM B. PURPURA, Baltimore, Maryland, for Appellant.  Christina Ann Hoffman, Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte Maurice Johnson pled guilty, pursuant to a plea agreement, to brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c), and Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a).  The district court sentenced Johnson to 183 months' imprisonment and imposed a five-year term of supervised release with certain conditions.  On appeal, Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Johnson's guilty plea was knowing and voluntary due to errors in the plea agreement that were discovered at the Fed. R. Crim. P. 11 hearing.  Johnson was notified of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal based on the appellate waiver in Johnson's plea agreement.  We deny the Government's motion to dismiss, affirm Johnson's convictions, vacate his sentence, and remand for resentencing.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  A waiver is valid if it is "knowing and voluntary."  *Id.*  Our review of the record reveals that Johnson's appeal waiver is valid and enforceable.  *See United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (stating that generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Federal Rule of Criminal Procedure] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid" (internal quotation marks omitted)).

But even a knowing and voluntary appellate waiver cannot bar a nonfrivolous challenge to the validity of the defendant's guilty plea. *See id.* at 364. Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea was voluntary and not the result of threats, force, or promises outside of those in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a sufficient factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Our review of the Rule 11 colloquy did not reveal any errors affecting Johnson's substantial rights. Although errors in the plea agreement created confusion during the plea hearing, the district court clearly explained the errors and their consequences to Johnson, and Johnson indicated that he understood. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (stating that, where "information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant" (internal quotation marks omitted)). Additionally, Johnson ultimately pleaded guilty to a less serious offense than that included in the original plea agreement. *See United States v. Akinsade*, 686 F.3d 248, 254 (4th Cir. 2012) (stating that the determination of whether a defendant was prejudiced by an error includes consideration of whether "the consequences

at stake are particularly severe" (internal quotation marks omitted)). We therefore conclude that Johnson's plea was knowing and voluntary.

However, our review pursuant to *Anders* revealed a meritorious issue that falls outside the scope of Johnson's appellate waiver. "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)). This directive applies to "any set of discretionary conditions—even those categorized as 'standard' by the [Sentencing] Guidelines." *Rogers*, 961 F.3d at 297-98. After reviewing the record, we conclude that the district court—which did not have the benefit of these decisions when it sentenced Johnson—did not comply with this directive with respect to non-mandatory conditions of supervision appearing in the judgment. Thus, Johnson was not sentenced to those conditions, and a remand for resentencing is required. *See Singletary*, 984 F.3d at 344, 346-47.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. Accordingly, we deny the Government's motion to dismiss, affirm Johnson's convictions, vacate his sentence, and remand for resentencing. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*